## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MICHAEL C. BRIGGS,

      Plaintiff,

      v.                                                                Case No. 25-1293-EFMBGS

HON. PATRICIA MACKE DICK, *et al.*,

      Defendant.

### <u>MEMORANDUM & ORDER ON MOTION FOR ALTERNATE SERVICE</u>

This matter comes before the Court on *pro se* Plaintiff Michael Briggs' "Motion for Leave to Effect Alternate Service On Defendant Justin R. Pipes." (Doc. 27.) For the reasons set forth herein, Plaintiff's motion is **DENIED as moot**.

**I.      Legal Standards for Effectuating Service.**

Service in a federal action is governed by Federal Rule of Civil Procedure 4. Even though Plaintiff is proceeding *pro se*, he is still "obligated to follow the requirements of Fed.R.Civ.P. 4." *DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir.1993). *See also Bell v. Board of Educ.*, 645 F. Supp. 3d 1177, 1182 (D. Kan. 2022) (holding that even *pro se* litigants have the "burden … to make a *prima facie* showing of sufficient service of process).

As an initial matter, and of potentially "dispositive importance," Federal Rule of Civil Procedure 4(c), which is entitled "Service," sets limits as to who can serve process in a federal action. *See Constien v. U.S.*, 628 F.3d 1207, 1213 (10th Cir. 2010). Pursuant to Rule 4(c), service of a summons and Complaint must be completed by a person who is at least 18 years old and <u>not a party to the action</u>. *Id.* (citing Fed. R. Civ. P. 4(c)). This Rule is very strict as "[e]ven when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail." *Id.*

> Although one could question the wisdom of this requirement, see 4B
> Charles A. Wright & Arthur R. Miller, Federal Procedure & Practice §
> 1106 n. 15 (3d ed. 2002), the rule contains no mailing exception to the
> nonparty requirement for service. And the limited history surrounding
> the relevant rules provisions confirms this reading.

*Id.*, at 1213-14. Thus, the law is well-settled that parties involved in the litigation – including the *pro se* Plaintiff herein – are themselves explicitly prohibited from serving process. *Id.*

## II.    Service on an Individual.

Plaintiff asks to have the Defendants Pipes served by "certified mail, restricted delivery, return receipt requested, to Defendant's residence; or, [a]ny other method the Court deems appropriate." (Doc. 27, at 1.) Plaintiff asserts that he has made "multiple good-faith attempts to personally serve" this Defendant. (*Id.*) According to Plaintiff, Defendant Pipes was "personally identified by a licensed process server at his place of employment and refused to accept service" and "thereafter refused to answer the door at his last known residence on two separate dates and times." (*Id.*) Plaintiff contends that Defendant Pipes is "actively evading service of process." (*Id.*) Although Plaintiff does not allege misconduct on the part of Pipes, Plaintiff "seeks a court-authorized method of service reasonably calculated to provide notice." (*Id.*)

Service on an individual within a judicial district of the United States is governed by Rule 4(e). This subsection states that

> [u]nless federal law provides otherwise, an individual … may be served
> in a judicial district of the United States by:
>
>     (1) following state law for serving a summons in an action
>     brought in courts of general jurisdiction in the state where the district
>     court is located or where service is made; or
>
>     (2) doing any of the following:
>
>         (A) delivering a copy of the summons and of the
>         complaint to the individual personally;

> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e) (emphasis added).

Under Kansas state law, methods for service of process upon individuals are governed by Kan. Stat. Ann. § 60-303. Subsection (c) of the statute provides that service may made by "return receipt delivery, which is effected by certified mail, priority mail, commercial courier service, overnight delivery service or other reliable personal delivery service to the party addressed, in each instance evidenced by a written or electronic receipt showing to whom delivered, the date of delivery, the address where delivered and the person or entity effecting delivery." Kan. Stat. Ann. § 60-303(c) (emphasis added).

Also relevant is Kan. Stat. Ann. § 60-304, which governs on whom service of process may be made. Return receipt delivery service on an individual (who is not disabled or a minor)

> > must be addressed to an individual at the individual's dwelling or usual place of abode ... . If the sheriff, party or party's attorney files a return of service stating that the return receipt delivery to the individual at the individual's dwelling or usual place of abode was refused or unclaimed and that a business address is known for the individual, the sheriff, party or party's attorney may complete service by return receipt delivery, addressed to the individual at the individual's business address.

Kan. Stat. Ann. § 60-304(a) (emphasis added).

Plaintiff's motion describes the prior attempts at service he has made, which, although unsuccessful, appear to have been appropriate ways to attempt service. (Doc. 27.) That stated, the relief currently requested by Plaintiff – to effect service by "certified mail, restricted delivery, return receipt requested, to Defendant's residence" – is a manner allowable under Rule 4 and the applicable

Kansas statute(s). As such, Plaintiff does not need the Court's permission to effect service in this manner. Plaintiff's motion is, therefore, **DENIED as moot**.

<u>**CONCLUSION**</u>

For the reasons stated herein, Plaintiff's Motion to recognize alternative service on the individual Defendants (Doc. 27) is **DENIED as moot**. The Court directs Plaintiff to familiarize himself with the proper manner of effectuating service in the District of Kansas pursuant to Fed. R. Civ. P. 4, Kan. Stat. Ann. § 60-303 and -304, and as outlined in this Order. A *pro se* plaintiff's failure to comply with these requirements can result in dismissal of the case for insufficient service of process. *See Wanjiku v. Johnson Co.*, 173 F. Supp. 3d 1217, 1231 (D. Kan. 2016).

**IT IS SO ORDERED.**

Dated February 3, at Wichita, Kansas.

/s/ BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge