**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

MICHAEL C. BRIGGS,

*Plaintiff*,

v.

HON. PATRICIA MACKE DICK, et al.,

*Defendants.*

Case No. 25-1293-EFM-BGS

**MEMORANDUM AND ORDER**

Pro se Plaintiff Michael C. Briggs alleges 14 Counts under 42 U.S.C. §§ 1983, 1985, and 1986, and other related federal and state laws concerning a collections case against him in Reno County, Kansas. Defendants Reno County, Kansas ("Reno County"); Hon. Patricia M. Dick, Hon. Greg Bell, and the "27th Judicial District Court Administration" (collectively, the "Judicial Defendants"); and Samantha F. Sweley move to dismiss Plaintiff's claims against them (Docs. 10, 24, & 40). Defendants Amber M. Brehm; Dianne J. Rossell; and Justin R. Pipes move for judgment on the pleadings on Plaintiff's claims against them(Docs. 34, 36, & 62). For the reasons explained below, the Court grants most of Defendants' motions, except that it grants in part and denies in part Reno County's Motion.

## I. Factual and Procedural Background[1]

Plaintiff's case stems from a collections action against him in the District Court of Reno County, Kansas, Case No. 2019-LM-000600. Plaintiff received several orders in the collections action which he attaches to his Complaint. According to the attached court documents, a judgment

[1] The facts are taken from Plaintiff's Complaint and are considered true for purposes of this Order.

was entered against Plaintiff on May 21, 2019. Beginning in September 2019, counsel for Cohoon Kinesiology, Chiropractic & Rehab, LLC, the judgment creditor, requested an order for Plaintiff to appear for a hearing in aid of execution of the judgment against him. Judge Dick issued an order to Plaintiff to appear on November 19, 2019, to answer questions concerning his property and income. The judgment creditor, through counsel, made three more requests for aid in execution, one in December 2020, one in August 2024, and one in January 2025. Judge Dick granted the first two requests, ordering Plaintiff to appear at hearings set on January 22, 2021, and October 4, 2024, respectively. Judge Bell granted the third request, ordering Plaintiff to appear at a hearing set on March 21, 2025.

Plaintiff only appeared at one of these hearings, although he does not specify which one. Judge Dick issued two orders against Plaintiff to appear and show cause why he should not be held in indirect civil contempt for failing to appear at the hearings set for November 19, 2019, and January 22, 2021. Judge Dick set the contempt hearings for January 3, 2020, and May 14, 2021, respectively. At the hearing that he appeared for, Plaintiff was taken to a conference room where the private attorneys questioned him about his income and employment. He did not appear before a judge or in a courtroom. No record was taken. Plaintiff only appeared because he was threatened with jail if he failed to do so.

In November 2025, Plaintiff requested the docket sheet for the collections action from the District Court Clerk's office. Plaintiff was told that the docket did not exist and that staff "will have to try and find it."[2] Plaintiff also filed a Kansas Open Records Act ("KORA") request with the District Court Clerk asking for confirmation of "[w]hether the docket sheets for case

[2] In his Complaint, Plaintiff specifically alleges he interacted with a clerk named "Melissa" who refused to provide her last name, title, or written confirmation of the purportedly missing docket. Plaintiff does not specify whether his interaction with Melissa occurred in November 2025, or some other date.

2019LM0600 currently exist in the court record systems" and "[i]f not, please provide conformation [sic] that the requested dockets are missing, lost, deleted, or otherwise unavailable." In a letter dated November 25, 2025, the Deputy Clerk stated that Plaintiff's KORA request "must be denied because we do not have public records that meet your request."

On December 22, 2025, Plaintiff filed his Complaint against various Defendants involved in the collections action against him. Plaintiff sues the presiding judges, Judge Dick and Judge Bell, in their individual capacities, along with the "27th Judicial District Court Administration." He also sues the attorneys who served as counsel for the judgment creditor at various stages in the collections action, Rosell, Sweley, Brehm, and Pipes, in their individual capacities. Further, he sues Reno County. Plaintiff's Complaint contains 14 Counts.

Counts I is a § 1983 claim that alleges "Defendants" violated his Fourteenth Amendment right to due process. Although not specified, it appears Plaintiff directs this Count against the Judicial Defendants, Rosell, Sweley, Brehm, and Pipes.

Count II is a § 1983 claim that alleges Judge Dick, Judge Bell, Rosell, Sweley, Brehm and Pipes violated his Fourth and Fourteenth Amendment rights by threatening Plaintiff with jail in a case with no docket

Count III is a § 1985 claim alleging "Defendants" conspired to deprive his civil rights. Again, although not specified, it appears Plaintiff directs this Count against the Judicial Defendants, Rosell, Sweley, Brehm, and Pipes.

Count IV is a § 1986 claim alleging that Reno County and the "27th Judicial District Administration" failed to prevent the § 1985 civil conspiracy alleged in Count III.

Count V is a § 1983 claim alleging municipal liability against Reno County for the acts of its judiciary, clerks, and administrators.

Count VI is a KORA violation claim against Reno County and the "27th Judicial District Court Administration."

Count VII is a Kansas law negligence and gross negligence claim that Plaintiff appears to direct at all Defendants.

Count VIII is a Kansas law intentional infliction of emotional distress ("IIED") claim against "Defendants." Again, although not specified, it appears Plaintiff directs this Count against the Judicial Defendants, Rosell, Sweley, Brehm, and Pipes.

Count IX is a Kansas law negligent infliction of emotional distress ("NIED") claim against "Defendants." Again, although not specified, it appears Plaintiff directs this Count against the Judicial Defendants, Rosell, Sweley, Brehm, and Pipes.

Count X is a § 1983 claim alleging supervisory liability against Reno County and "Court Administration." The Court construes "Court Administration" to mean the "27th Judicial District Court Administration."

Count XI is a § 1983 claim against Reno County alleging it failed to train its employees.

Count XII alleges "abuse of process" under Kansas law against all Defendants.

Count XIII seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201–02 against Reno County and "the Court Administration." The Court construes "Court Administration" to mean the "27th Judicial District Court Administration."

Count XIV alleges violations of the Fair Debt Collection Practices Act against Rosell, Sweley, Brehm, and Pipes.[3]

Now, Defendants move to dismiss or for judgment on the pleadings.

---

[3] In addition to these Defendants, Plaintiff originally brought Count XIV against DJR Law Office, P.A. Plaintiff has since voluntarily dismissed DJR Law Office, P.A. as a Defendant without prejudice. Doc. 52.

## II. Legal Standards

### A. Dismissal Under Rule 12(b)(1)

Under Rule 12(b)(1), a defendant may move to dismiss a claim for lack of subject-matter jurisdiction.[4] Federal courts are courts of limited jurisdiction, and a presumption exists against exercising jurisdiction over a case.[5] The party asserting jurisdiction bears the burden of establishing its existence.[6] Thus, the Court may exercise jurisdiction only when specifically authorized to do so and must dismiss a claim if it becomes apparent at any stage of the proceedings that it lacks jurisdiction.[7] The party asserting jurisdiction has the burden of establishing subject matter jurisdiction.[8]

Generally, a Rule 12(b)(1) motion to dismiss takes one of two forms: a facial attack or a factual attack.[9] In a factual attack, the moving party does not attack the sufficiency of the complaint but asserts that the Court lacks subject matter jurisdiction based on facts outside of the pleadings.[10] In that instance, "a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends."[11] When reviewing a factual attack, the Court "may not presume the truthfulness of the complaint's factual allegations."[12] Rather, the

---

[4] Fed. R. Civ. P. 12(b)(1).

[5] *See In re Syngenta AG MIR 162 Corn Litig.*, 61 F.4th 1126, 1170 (10th Cir. 2023) (citations omitted).

[6] *Id.*

[7] *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 906 F.3d 926, 931 (10th Cir. 2018).

[8] *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

[9] *Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995).

[10] *Id.* at 1003.

[11] *Id.*

[12] *Id.*

Court has "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)" without needing to convert the motion to summary judgment.[13]

**B. Dismissal Under Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[14] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[15] A claim is facially plausible if a plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[16] Under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[17]

**C. Judgment on the Pleadings Under Rule 12(c)**

Under Rule 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial."[18] The standard for dismissal under Rule 12(c) is the same as a dismissal under Rule 12(b)(6).[19] All reasonable inferences from the pleadings are granted in favor of the non-moving party.[20] Judgment on the pleadings is appropriate when "the

---

[13] *Id.*

[14] Fed. R. Civ. P. 12(b)(6).

[15] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[16] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[17] *Id.* at 678–79.

[18] Fed. R. Civ. P. 12(c).

[19] *Myers v. Koopman*, 738 F.3d 1190, 1193 (10th Cir. 2013).

[20] *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012) (citation omitted).

moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law."[21] Documents attached to the pleadings are exhibits and may be considered in deciding a Rule 12(c) motion.[22] These documents, however, "may only be considered to show their contents, not to prove the truth of matters asserted therein."[23]

**D. Pro Se Pleadings**

Pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers."[24] A pro se litigant is entitled to a liberal construction of his pleadings.[25] If a court can reasonably read a pro se complaint in such a way that it could state a claim on which it could prevail, it should do so despite "failure to cite proper legal authority . . . confusion of various legal theories . . . or [Plaintiff's] unfamiliarity with the pleading requirements."[26] It is not, however, the proper role of a district court to "assume the role of advocate for the pro se litigant."[27] As it relates to motions to dismiss generally, the court "accept[s] the well-pleaded allegations of the complaint as true and construe[s] them in the light most favorable to the plaintiff."[28] "Well-pleaded" allegations are those that are facially plausible such that "the court [can] draw the reasonable

---

[21] *Park Univ. Enters. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006) (citations and quotations omitted), *abrogated on other grounds by Magnus, Inc. v. Diamond State Ins. Co.*, 545 F. App'x 750, 753 (10th Cir. 2013).

[22] *Park Univ. Enters.*, 442 F.3d at 1244.

[23] *Tal v. Hogan*, 453 F.3d 1244, 1264 n. 24 (10th Cir. 2006) (citation omitted).

[24] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[25] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because [the plaintiff] appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[26] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[27] *Id.*

[28] *Ramirez v. Dep't of Corr., Colo.*, 222 F.3d 1238, 1240 (10th Cir. 2000).

inferences that the defendant is liable for the misconduct alleged."[29]

## III. Analysis

Plaintiff's overarching assertion in this case is that no docket exists for Case No. 2019-LM-000600. Plaintiff attaches court documents from Case No. 2019-LM-000600 to support his claim. Indeed, an online search on the Kansas Judicial Branch's CaseSearch feature reveals there is a publicly available docket for Case No. 2019-LM-000600, *Cohoon Kinesiology Chiropractic & Rehab LLC v. Michael C. Briggs*, in the District Court of Reno County, Kansas, containing the very court documents Plaintiff attaches to his Complaint. The Court takes judicial notice of the existing document in Case No. 2019-LM-000600[30] and may do so without converting Defendants' Motions into ones for summary judgment.[31] With this in mind, the Court turns to Defendants' Motions, beginning with Reno County's Motion to Dismiss.

### A. Reno County's Motion to Dismiss

In a short motion that violates D. Kan. Rule 5.1(a)–(b)'s form and signature requirements,[32] Reno County moves to dismiss Plaintiff's claims against it under Rule 12(b)(6) for failure to state a claim. Confusingly, despite requesting that the Court "dismiss all claims against it,"[33] Reno County only argues that Plaintiff fails to allege municipal liability for the § 1983 claims Plaintiff

[29] *Iqbal*, 556 U.S. at 678.

[30] The Court may take judicial notice of a fact that is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," including "facts which are a matter of public record." *JP Morgan Tr. Co. Nat'l Ass'n v. Mid-America Pipeline, Co.*, 413 F. Supp. 2d 1244, 1258 (D. Kan. 2006) (first quoting Fed. R. Evid. 201(b)(2); and then quoting *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000)).

[31] *Id.* (citing *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n.1 (10th Cir. 2004)).

[32] Specifically, the three-page motion is single-spaced instead of double-spaced is unsigned. Reno County also did not file a reply.

[33] Doc. 10 at 2.

brings against it under *Monell v. Department of Social Services*.[34] Because Reno County fails to address Plaintiff's other claims against it, the Court only considers whether dismissal of Plaintiff's § 1983 claims against Reno County—Counts V, X, and XI—is appropriate.[35]

To state a § 1983 claim against a municipality, *Monell* requires a plaintiff to allege that the municipality's unconstitutional policy or custom was the direct cause or moving force behind the alleged injury.[36] A plaintiff may show the existence of such a policy or custom by: (1) a formal regulation or policy statement, (2) a widespread and well-settled practice within the municipality, (3) ratification of subordinates' actions by a an employee with final policy-making authority, and (4) failure to adequately train or supervise employees as a result of deliberate indifference to potential injuries to the public.[37]

Here, Plaintiff alleges in a conclusory fashion that Reno County had an official policy, practice, or custom that caused him injury, and that Reno County failed to train its employees. But his Complaint is devoid of a factual basis for plausibly finding any formal policy, widespread practice, ratification by a final policymaker, or deliberate indifference attributable to Reno County. Plaintiff's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."[38] And Reno County cannot be held liable simply because Plaintiff alleges its employees are tort-feasors.[39] Accordingly, the Court grants Reno County's

---

[34] 436 U.S. 658 (1978).

[35] Accordingly, Plaintiff's other claims naming Reno County as a Defendant are not at issue, including Counts III (§ 1985); IV (§ 1986); VI (KORA); VII (negligence); XII (abuse of process); and XIII (28 U.S.C. §§ 2201–2202).

[36] *See Monell*, 436 U.S. at 690, 694.

[37] *See Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1188–89 (10th Cir. 2010) (citations omitted).

[38] *Hall*, 935 F.2d at 1110.

[39] *Monell*, 436 U.S. at 691 ("[W]e conclude that a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.").

Motion and dismisses Counts V, X, and XI as brought against it. To the extent Reno County's Motion seeks dismissal of Plaintiff's other claims against it, however, the Court denies the Motion given its failure to present any argument.

**B. The Judicial Defendants' Motion to Dismiss**

The Judicial Defendants move to dismiss Plaintiff's claims against them in Counts I–IV, VI–X, & XII–XIII under Rule 12(b)(1) and (6). Judge Dick and Judge Bell, sued in their individual capacities, assert judicial immunity from suit. The Judicial Defendants' counsel also asserts that the "27th Judicial District Court Administration" is not a suable entity. Instead, counsel asserts that the proper entity is the 27th Judicial District Court for Reno County, Kansas, an agency of the State of Kansas, and asserts Eleventh Amendment sovereign immunity from suit.

For his part, Plaintiff does not respond to Judge Bell's assertion of judicial immunity effectively abandoning the issue.[40] Nor does he meaningfully respond to the issues raised concerning the "27th Judicial District Court Administration." He does not respond to counsel's assertions that the entity is not suable and that the correct entity is entitled to Eleventh Amendment immunity, conceding those issues, too.[41] Plaintiff only attempts to respond to Judge Dick's assertion of judicial immunity.

The doctrine of judicial immunity shields judges from liability for their "official adjudicative acts."[42] There are only two exceptions to this doctrine: "(1) when the act is not taken in the judge's judicial capacity, and (2) when the act, although judicial in nature, is taken in the

---

[40] *See Palmer v. Unified Gov't of Wyandotte Cnty./Kan. City*, 72 F. Supp. 2d 1237, 1250–51 (D. Kan. 1999) ("[T]he court deems plaintiff's failure to respond to an argument raised in defendants' papers tantamount to an express abandonment of any such claim.").

[41] *See id.*

[42] *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002) (citation omitted).

complete absence of all jurisdiction."[43] Here, Plaintiff argues Judge Dick did not act in her judicial capacity, but rather acted in her administrative capacity as Chief Judge concerning the alleged docket issue. Plaintiff's Complaint, however, does not allege a single act that Judge Dick took in an administrative capacity.[44] Based on the allegations Plaintiff does make against Judge Dick—issuing orders against him as the presiding judge in the collections action—the Court determines that Judge Dick is entitled to judicial immunity. Accordingly, the Court grants the Judicial Defendants' Motion to Dismiss.

The Judicial Defendants' Motion bears one more point the Court must address concerning Plaintiff's likely use of artificial intelligence in his briefing. In his Response to the Judicial Defendants' Motion, Plaintiff cites Kansas Supreme Court Rule 1001(a) for the proposition that "district courts operate under a unified system of administration" and states that Rule 170 "assigns responsibility for court records, docketing practices, and record retention to court administration under the supervision of judicial leadership."[45] As the Judicial Defendants point out, neither Rule stands for the proposition Plaintiff cites them for. Instead, Rule 1001(a) concerns media coverage of court proceedings and Rule 170 concerns preparation of orders by a party. In addition to the false citations, the Judicial Defendants note Plaintiff's Response bears several hallmarks of artificial intelligence use, including its 8-hour turnaround in filing, evasive caselaw references, improper formatting, and syntax.

---

[43] *Stein v. Disciplinary Bd. of Sup. Ct. of N.M.*, 520 F.3d 1183, 1195 (10th Cir. 2008) (alterations and citation omitted).

[44] Even if Plaintiff alleged an administrative act taken by Judge Dick, she may be entitled to judicial immunity for such acts as Chief Judge. *See*, *e.g.*, *Lawson v. Godderz*, 2025 WL 3177387, at *6 n.55 (D. Kan. Jun. 20, 2025) (citing *Martinez v. Winner*, 771 F.2d 424, 434 (10th Cir. 1985)); *Zou v. Ebberts*, 2025 WL 1720284, at *3–4 (D. Kan. Jun. 20, 2025); K.S.A. 20-329 (vesting "general supervisory authority over the clerical and administrative functions" to the chief judge of each judicial district). The Court, however, is unable to make such a determination based on the limited facts Plaintiff pleads.

[45] Doc. 26 at 3.

The Judicial Defendants request that the Court strike Plaintiff's Response pursuant to Standing Order 26-01. The Court declines to do so at this time. Plaintiff, however, is admonished of his duty to familiarize himself with Standing Order 26-01 and the potential consequences should the Court have reason to believe he has not reviewed and verified the accuracy of the content in future court filings.[46] Remaining parties in this case should take care to do the same.

### C. Brehm and Pipes's Motion for Judgment on the Pleadings and Sweley's Motion to Dismiss

In their respective motions, Brehm, Pipes, and Sweley argue that the statute of limitations bars Plaintiff's claims against them in Counts I–III, VII–IX, XII, and XIV. Plaintiff does not dispute that his FDCPA claim in Count XIV is subject to a one-year statute of limitations.[47] He also does not dispute that his constitutional, negligence, IIED, and abuse of process claims in Counts I–III, VII–IX,[48] and XII are subject to a two-year statute of limitations.[49] Instead, Plaintiff argues that his claims did not accrue until November 2025 when he received "written conformation [sic] that no docket existed."[50] The Court construes Plaintiff's argument as referring to the letter he received from the Deputy Clerk rejecting his KORA request dated November 25, 2025. Plaintiff

---

[46] Standing Order 26-01, *available at* https://www.ksd.uscourts.gov/standing-orders.

[47] 15 U.S.C. § 1692k(d).

[48] Both Brehm and Pipes incorrectly assert that Plaintiff's NIED claim against them in Count XI is subject to a one-year statute of limitations, citing K.S.A. § 60-514(b). This statute only subjects claims for "assault, battery, malicious prosecution, or false imprisonment" to a one-year state of limitations. NIED claims are subject to a two-year statute of limitations. K.S.A. § 60-513(a)(4). Brehm and Pipes also cite a Kansas Court of Appeals case for support, but the cited portion has since been disapproved of by the Kansas Supreme Court. *See Curts v. Dillard's, Inc.*, 30 Kan. App. 2d 814, 48 P.3d 681, 682–83 (2002), *disapproved by Hallam v. Mercy Health Ctr. of Manhattan, Inc.*, 278 Kan. 339, 97 P.3d 492, 496–97 (2004).

[49] *See* K.S.A. § 60-513(a); *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted) ("The forum state's statute of limitations for personal injury actions governs civil rights claims under . . . § 1983 . . . . In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60-513(a).").

[50] Doc. 38 at 2. Plaintiff specifically invokes the federal discovery rule against Brehm and Sweley, invokes the Kansas discovery rule against Sweley, and alludes to these discovery rules against Pipes. The Court will consider both discovery rules concerning all three Defendants.

also briefly invokes the continuing violation doctrine for his claims against Brehm, arguing the statute of limitations did not begin to run until January 2025. The Court addresses Plaintiff's attempts to avoid the Brehm, Pipes, and Sweley's statute of limitations defenses in turn.

*1. Federal and Kansas Discovery Rules*

Regarding Plaintiff's federal claims, generally, "under the federal discovery rule, claims accrue and '[t]he statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action.'"[51] The focus of the federal discovery rule is "on whether the plaintiff knew of facts that would put a reasonable person on notice that wrongful conduct caused the harm. In this context, a plaintiff must use reasonable diligence in seeking to discover facts giving rise to a claim for relief."[52]

Regarding Plaintiff's state law claims, these claims accrue when "the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until some time after the initial act," then these claims accrue when "the fact of injury becomes reasonably ascertainable to the injured party."[53] Similar to the federal discovery rule, "reasonably ascertainable" does not require actual knowledge, it means that a plaintiff "has the obligation to reasonably investigate available sources that contain the facts of the [injury] and its wrongful causation."[54]

Here, Plaintiff repeatedly alleges in his Complaint that the injury he suffered due to Brehm, Pipes, and Sweley's actions is that each attorney subjected him to post-judgment proceedings

[51] *Alexander v. Oklahoma*, 382 F.3d 1206, 1215 (10th Cir. 2004) (quoting *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994)).

[52] *Id.* at 1216.

[53] K.S.A. § 60-513(b).

[54] *N. Nat. Gas Co. v. Nash Oil & Gas, Inc.*, 526 F.3d 626, 630 (10th Cir. 2008) (brackets in original) (quoting *Kelley v. Barnett*, 23 Kan. App. 2d 564, 932 P.2d 471, 474 (1997)).

conducted without a properly maintained docket. Plaintiff puts his injury differently to argue against the statute of limitations, contending that "[t]he injury asserted is not the existence of the hearings—it is the absence of a lawful, maintained docket record validating them."[55] Considering Plaintiff's injury this way, Plaintiff fails to state his claims against Brehm, Sweley, and Pipes because he does not plead any facts suggesting that these Defendants were responsible for improperly maintaining the docket. Considering Plaintiff's injury as stated in his Complaint, his allegations against Brehm, Pipes, and Sweley are limited to their conduct in subjecting him to court proceedings.

Based on the collections action's pleadings that Plaintiff attaches to his Complaint, Brehm, Pipes, and Sweley have not subjected Plaintiff to proceedings in the collections action since setting a contempt hearing against him on May 14, 2021. Plaintiff does not dispute that these three Defendants have not subjected him to proceedings in the collections action since then. At the latest, Plaintiff had reason to know the existence of his alleged injury against these three Defendants since May 14, 2021, and was obligated to take steps to investigate facts giving rise to his claims for relief. Plaintiff failed to do so until November 2025, and failed to bring this action until December 22, 2025, well past the one-year and two-year statute of limitations. Thus, federal and Kansas discovery rules do not save Plaintiff's claims against Brehm, Pipes, and Sweley from the applicable statute of limitations.[56]

[55] Doc. 41 at 4.

[56] Even if the federal discovery rule applied to some of Plaintiff's claims, it cannot apply to Plaintiff's FDCPA claim in Count XII. *Rotkiske v. Klemm*, 589 U.S. 8, 14–15 (2019) (declining to read a general discovery rule provision into the FDCPA).

*2. Continuing Violation Doctrine*

In his Response to Brehm's Motion only, Plaintiff briefly argues that the continuing violation doctrine saves his claims against Brehm because he "alleges repeated enforcement conduct extending through January 2025, including motions for aid-in-execution and contempt proceedings."[57] "Under the continuing violation doctrine, the limitations period does not begin to run until the latest in a series of acts, when combined with prior acts, matures into a legal injury."[58] The continuing violation doctrine, however, "fails if the plaintiff knew, or through the exercise of reasonable diligence would have known of the injury when it began."[59] As previously discussed, Plaintiff had reason to know of his injury stemming from Brehm's alleged conduct on May 14, 2021, at the latest. Thus, the continuing violation doctrine does not save his claims against Brehm from the applicable statute of limitations.

In a final attempt to avoid the statute of limitations, Plaintiff briefly argues that such a defense cannot be resolved at this stage in the case. A statute of limitations defense, however, may be resolved before trial "when the dates given in the complaint make clear that the right sued upon has been extinguished."[60] As previously discussed, Plaintiff's Complaint and its attached exhibits make clear that the rights he sues upon against Brehm, Pipes, and Sweley has been extinguished. Thus, the Court grants Brehm's Motion for Judgment on the Pleadings, Pipes's Motion for Judgment on the Pleadings, and Sweley's Motion to Dismiss.[61]

---

[57] Doc. 38 at 2.

[58] *Series 17-03-615 v. Teva Pharms. USA, Inc.*, 785 F. Supp. 3d 904, 960 (D. Kan. 2025) (citation omitted).

[59] *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 674 (10th Cir. 2016) (internal quotation marks omitted) (quoting *Davidson v. Am. Online, Inc.*, 227 F.3d 1179, 1184 (10th Cir. 2003)).

[60] *Id.* at 671 (internal quotation marks and citation omitted).

[61] Because the Court concludes Plaintiff's claims against Brehm, Sweley, and Pipes are barred by the statute of limitations, it need not reach these Defendants' other arguments under Rule 12(b)(6) or Sweley's assertion of qualified immunity. The Court notes, however, that if it were to reach these Defendants' Rule 12(b)(6) arguments,

**D. Rosell's Motion for Judgment on the Pleadings**

Rosell moves for judgment on the pleadings on Plaintiff's claims against her in Counts I–III, VII–IX, XII, and XIV under Rule 12(b)(6) for failure to state a claim. The Court addresses each Count in turn.

First, to state his constitutional claims under § 1983 in Counts I and II, Plaintiff must plead sufficient facts demonstrating two elements: "(1) deprivation of a federally protected right by (2) an actor acting under color of state law."[62] Although Rosell argues that Plaintiff fails to demonstrate either element, Plaintiff only addresses whether he sufficiently pleads that Rosell is a state actor. Plaintiff fails to do so. In his Complaint, Plaintiff states in a conclusory matter that "Defendants acted under color of state law," but this is insufficient to overcome Rule 12(b)(6).[63] Indeed, Plaintiff contends in his Complaint that Rosell is a "private attorney," not a state actor. Plaintiff attempts to argue that he plausibly alleges Rosell engaged in joint action with the state by participating in the state legal proceedings against him, which can subject a private actor to § 1983 liability.[64] Plaintiff's "mere invocation of state legal procedures," however, is insufficient to establish joint action.[65] Regardless, Plaintiff offers no argument against Rosell's assertion that he fails to demonstrate Rosell deprived him of a federally protected right, abandoning the issue.[66] Thus, Plaintiff fails to state his § 1983 claims in Counts I and II against Rosell.

---

Plaintiff's claims against them fail for substantially the same reasons that they fail against Rosell as explained in the next section.

[62] *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016) (citation omitted).

[63] *Hall*, 935 F.2d at 1110.

[64] *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 941 (1982) (quoting *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970)) ("[W]e have consistently held that a private party's joint participation with state officials in the seizure of disputed property is sufficient to characterize that party as a 'state actor.'")

[65] *Id.* at 940 n.21.

[66] *Palmer*, 72 F. Supp. 2d at 1250–51.

Next, Plaintiff abandons his claim in Count III by not responding to Rosell's argument that he fails to state a claim for civil rights conspiracy under § 1985(3).[67] Even if Plaintiff had not abandoned Count III, § 1985(3) applies "only to conspiracies motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'"[68] Plaintiff does not allege any racial or class-based discrimination against him in the Complaint. Thus, he fails to state a claim in Count III.

Plaintiff also abandons his claims in Counts VII–IX by not responding to Rosell's arguments that he fails to state a claim for negligence, IIED, and NIED.[69] Even if Plaintiff had not abandoned Counts VII–IX, Plaintiff's negligence claim in Count VII fails because Rosell did not owe him a duty as counsel for his adversary, the judgment creditor.[70] Plaintiff's IIED claim in Count VII also fails because the conduct he alleges does not rise to the level of "extreme and outrageous" that an IIED claim requires.[71] Further, Plaintiff's NIED claim in Count IX fails because his alleged suffering due to anxiety, loss of sleep, fear of arrest, emotional suffering, stress, uncertainty, and reputational harm do not constitute a requisite physical injury to an NIED claim.[72]

[67] *Id.*

[68] *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 101–02 (1971)).

[69] *Palmer*, 72 F. Supp. 2d at 1250–51.

[70] *See Hills v. Arensdorf*, 543 F. Supp. 3d 1065, 1071–72 (D. Kan. 2021) (citing *Johnson v. Wiegers*, 30 Kan. App. 3d 672, 46 P.3d 563, 568 (2002)) ("If the attorney's client and the third-party are adversaries, no duty arises.").

[71] *See Miller v. Sloan, Listrom, Eisenbarth, Sloan & Glassman*, 267 Kan. 245, 978 P.2d 922, 930 (1999) (citation omitted) ("In order for conduct to be deemed sufficient to support the tort of outrage, it must be so outrageous in character and so extreme in degree as to go beyond the bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society.").

[72] *See Grube v. Union Pacific R. Co.*, 256 Kan. 519, 886 P.2d 845, 852 (1994) (citation omitted) ("[T]here can be no recovery for emotional distress suffered by the plaintiff which is caused by the negligence of the defendant unless it results from physical injury to the plaintiff."); *Williams v. Taco Tico, Inc.*, 277 P.3d 448 (Table), 2012 WL 2045369, at *6 (Kan. Ct. App. June 1, 2012) (finding injuries such as "PTSD, depression, anxiety, insomnia, and nightmares" insufficient to meet the physical injury requirement for an NIED claim).

Thus, Plaintiff fails to state a claim in Counts VII–IX.

Turning to Count XII, to state a claim for abuse of process, Plaintiff must plausibly allege a "knowingly illegal or improper use of the process done for the purpose of harassing or causing hardship, which resulted in damage" to him.[73] Plaintiff argues he has done so against Rosell by pleading that she misused the post-judgment procedures employed against him. Nowhere in his Complaint, however, does Plaintiff explain how Rosell misused these procedures against him. Instead, the exhibits he attaches to the Complaint demonstrate that Rosell properly engaged in post-judgment proceedings to collect on the debt Plaintiff owed—a debt which Plaintiff does not dispute the existence of.[74] Thus, Plaintiff fails to state a claim in Count XII.

Finally, to state his FDCPA claim in Count XIV, Plaintiff must plausibly allege four elements: "(1) the plaintiff is a 'consumer' under . . . § 1692a(3); (2) the debt at issue arose out of a transaction entered into primarily for personal, family, or household purposes; (3) the defendant is a debt collector under . . . § 1962(a)(6); and (4) through its acts or omissions, the defendant violated the FDCPA."[75] Rosell argues Plaintiff fails to establish elements (1), (2) and (3); Plaintiff responds by only attempting to address element (4). Plaintiff's Complaint contains no allegations establishing that he is a "consumer," that he incurred his debt for personal, family, or household purpose, or that Rosell is a "debt collector" within the FDCPA's meaning. Accordingly, Plaintiff fails to state a claim in Count XIV.

Plaintiff fails to state all of his claims against Rosell. Accordingly, the Court grants her Motion for Judgment on the Pleadings.

---

[73] *McShares, Inc. v. Barry*, 266 Kan. 479, 970 P.2d 1005, 1015 (1998) (citation omitted).

[74] *See* K.S.A. §§ 60-2419, 61-3604, 61-3606, 60-3607 (explaining the proper process for post-judgment proceedings).

[75] *Tavernaro v. Pioneer Credit Recovery, Inc.*, 43 F. 4th 1062, 1067 (10th Cir. 2022) (citations omitted).

### E. Request for Leave to Amend

At various points his briefing, Plaintiff suggests that the remedy for his pleading deficiencies is amendment, not dismissal. Under Rule 15(a)(2), once a responsive pleading has been filed, "a party may amend its pleading only with the party's written consent or the court's leave."[76] Rule 15(a)(2) provides that courts should "freely give leave when justice so requires."[77] Plaintiff, however, has not filed a written motion for leave to amend, so the Court will not consider leave to amend at this time.[78]

## IV. Conclusion

Overall, the Court dismisses all of Plaintiff's claims against Judge Dick, Judge Bell, the "27th Judicial District Court Administration," and Sweley. The Court also enters judgment on the pleadings in favor of Defendants Brehm, Rosell, and Pipes on all of Plaintiff's claims against them. Further, the Court dismisses Plaintiff's claims in Counts V, X, and XI against Reno County. After this Order, only Plaintiff's Counts III–IV, VI–VII, and XII–XIII remain as brought against Reno County.

**IT IS THEREFORE ORDERED** that Defendant Reno County's Motion to Dismiss (Doc. 10) is **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that Defendants 27th Judicial District Court Administration, Hon. Greg D. Bell, and Hon. Patricia M. Dick's Motion to dismiss (Doc. 24) is **GRANTED**.

---

[76] Fed. R. Civ. P. 15(a)(2).

[77] *Id.*

[78] *See Garman v. Campbell Cnty. Sch. Dist. No. 1*, 630 F.3d 977, 986 (10th Cir. 2010) ("[The plaintiff] did not file a written motion for leave to amend; instead, in her opposition to the motion to dismiss, she merely suggested she should be allowed to amend if the court concluded her pleadings were infirm. This is insufficient.").

**IT IS FURTHER ORDERED** that Defendant Amber M. Brehm's Motion for Judgment on the Pleadings (Doc. 34) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Dianne J. Rosell's Motion for Judgment on the Pleadings (Doc. 36) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Samantha F. Sweley's Motion to Dismiss (Doc. 40) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Justin R. Pipes's Motion for Judgment on the Pleadings (Doc. 62) is **GRANTED**.

**IT IS FURTHER ORDERED** that Judge Dick, Judge Bell, the "27th Judicial District Court Administration," Rosell, Sweley, Brehm, and Pipes be terminated as Defendants in this action.

**IT IS SO ORDERED.**

Dated this 24th day of August, 2026.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE